"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL L. MUND,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. EDCV 08-753 AN<br><br>ORDER AFFIRMING<br>FINAL DECISION OF<br>THE COMMISSIONER |

Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed the Joint Stipulation ("JS") and seek a dispositive order regarding the disputed issues set forth in the JS. The Court's decision is based upon the pleadings, the Administrative Record ("AR"), and the JS. Although the statement of disputed issues in the JS only identifies one issue, the Court finds two distinct issues are actually raised. The Court has considered both issues and making the following findings and rulings.

///

///

**Issue #1**

Plaintiff principally contends the Administrative Law Judge ("ALJ") erred in rejecting all of his subjective complaints regarding his wrists. (JS 3.) Plaintiff made numerous subjective statements relating to pain and numbness in, and difficulties using, his hands and wrists after he broke both of his wrists when he fell off a ladder. (JS 4-6.)[1] He contends the ALJ improperly rejected his subjective statements about his alleged impairments to the extent he has consistently indicated that he is incapable of frequent fine and gross manipulation. (JS 8-9.)

Plaintiff's contentions fail for the reasons set forth by the Commissioner at pages 9 and 10 of the JS. Specifically, the ALJ found Plaintiff's subjective statements about his symptoms were not entirely credible, and that he could perform frequent fine and gross manipluation, because Plaintiff had "minimal, conservative treatment records" for his wrist injuries, and the "most recent records show resolution." (AR 58-60.) Evidence of minimal and conservative treatment is a clear and convincing reason for rejecting Plaintiff's subjective complaints. *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (finding claimant's allegations of persistent, severe pain and discomfort belied by "minimal conservative treatment" and lack of hospitalization for evaluation of treatment of alleged symptoms). The ALJ's findings regarding the nature and extent of Plaintiff's daily activities also constitute a clear and convincing reason for rejecting Plaintiff's subjective complaints about the severity of his alleged impairments. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

---

[1] In his January 25, 2006 Disability Report, Plaintiff wrote that he had "limited movement and restricted lifting of no more than 20 pounds" in both hands and that use of his hands caused him pain, frustration and depression. (AR 117.) In his February 16, 2006 Function Report, Plaintiff wrote that he sometimes woke up from sleeping in pain and numbness. (AR 144.) He also wrote that his injuries caused him some difficulty using his hands to get dressed, bathe, use the toilet and handle money. (AR 144, 147.) In his June 16, 2006 Disability Report, Plaintiff stated that he experienced pain, wrist swelling and decreased feeling in his fingers when he used his hands. (AR 155.) The pain increased and decreased with use. (AR 159.)

Page 2

**Issue #2**

Plaintiff contends the ALJ did not properly consider the third party statements given by his wife, Hannah. (JS 3.) Plaintiff contends his wife's statements corroborated his testimony, and that she also wrote he was depressed and was not able to handle stress well. (JS 3, AR 140, 141.)

The Court finds this contention is not persuasive for the reasons set forth by the Commissioner at page 11 of the JS and the following reasons.

The ALJ's decision shows he considered Hannah's statements and found her statements were consistent with a finding that Plaintiff was not disabled. The ALJ focused on Hannah's admission that Plaintiff cared for her two children, drove them to school, fixed meals, took care of himself, and did laundry and some household chores. (AR 60, *see* 135-137.) As to her statements relating to the aforementioned alleged mental impairments, the ALJ referred to his finding that Plaintiff testified that he had received no treatment before his date last insured of December 2004 and that "the minimal and conservative treatment noted herein did not support any type of mental health impairment." (AR 61.) The Court finds the ALJ's decision establishes that he gave germane reasons supported by substantial evidence in the record for discrediting Hannah's statements, and for concluding that Plaintiff did not suffer from a severe mental impairment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

**Conclusion**

Based upon the foregoing, the Court finds the Commissioner's final decision is free of legal error and supported by substantial evidence in the record. IT IS THEREFORE ORDERED that a judgment be entered affirming the Commissioner's final decision and dismissing this action with prejudice.

DATED: February 18, 2009        /s/ Arthur Nakazato
                                                 ARTHUR NAKAZATO
                                                 UNITED STATES MAGISTRATE JUDGE